**FILED**

JUN 1 5 2007

**Phil** Lombardi, Clerk
**U.S.** DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

GERON ARMSTEAD, Individually,       )
                                    )
        Plaintiff,                  )
                                    )
-vs-                                )
                                    )   **07CV  341 CVE-PJC**
JAMES BOHANON, Individually,        )   Case No.
ANTONIA HILL, Individually,         )
MIKE PARSONS, Individually,         )
GREG REEVES, Individually,          )
                                    )
        Defendants.                 )   **JURY TRIAL DEMANDED**
                                    )   **ATTORNEY LIEN CLAIMED**

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Geron Armstead, by and through his

undersigned attorney, and for his claims against the Defendants, alleges and states as follows:

### I.    JURISDICTION AND VENUE

1. The acts and omissions which are the subject of this action occurred in the City of Tulsa,

Tulsa County, which is located within the Northern District of Oklahoma.

2. This Court has jurisdiction over this action because this controversy involves a federal

question, specifically the violation of Plaintiff's rights as guaranteed by the United States

Constitution, including his Fourth Amendment right to be free from unreasonable search

and seizures, his Fifth Amendment right to be protected against deprivation of liberty and

property without due process, and his procedural due process rights as guaranteed by the

Fourteenth Amendment, and the violation of provisions of the Civil Rights Act of 1871,

-1-



42 U.S.C. § 1983. The Defendants participated in the denial of rights of Plaintiff as secured to him by the United States Constitution and/or the laws of the United States, and at the time of the violations, the Defendants were acting under the color of statute, ordinance, regulation, custom, or usage of the State of Oklahoma. Thus, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

3. This Court has venue over this matter because the Defendants reside in the Northern District of the State of Oklahoma and a substantial part of the events giving rise to this cause of action occurred in the Eastern District of Oklahoma. Thus, venue is proper under 28 U.S.C. § 1391.

## II. PARTIES

4. Plaintiff Geron Armstead (hereinafter "Plaintiff"), is, and at all times mentioned in this Complaint, an individual who resides in the City of Tulsa, Tulsa County, State of Oklahoma.

5. Defendant James Bohanon (hereinafter "Defendant Bohanon"), is, and at all times mentioned in this Complaint, an officer of the City of Tulsa Police Department and acting in such capacity as the agent, servant, and employee of the City of Tulsa Police Department. Defendant is sued individually.

6. Defendant Antonia Hill (hereinafter "Defendant Hill"), is, and at all times mentioned in this Complaint, an officer of the City of Tulsa Police Department and acting in such capacity as the agent, servant, and employee of the City of Tulsa Police Department. Defendant is sued individually.

7. Defendant Mike Parsons (hereinafter "Defendant Parsons"), is, and at all times mentioned in this Complaint, an officer of the City of Tulsa Police Department and acting

in such capacity as the agent, servant, and employee of the City of Tulsa Police Department. Defendant is sued individually.

8. Defendant Greg Reeves (hereinafter "Defendant Reeves"), is, and at all times mentioned in this Complaint, an officer of the City of Tulsa Police Department and acting in such capacity as the agent, servant, and employee of the City of Tulsa Police Department. Defendant is sued individually.

9. In doing the acts alleged in this complaint, Defendant Bohanon, Defendant Hill, Defendant Parsons, and Defendant Reeves (hereinafter collectively "Defendants") were police officers with the City of Tulsa Police Department, and at all times mentioned in this complaint were acting in such capacity as to be under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City of Tulsa, the City of Tulsa Police Department, and the State of Oklahoma and under the authority of their respective offices as police officers.

### III. OPERATIVE FACTS

10. Plaintiff hereby incorporates 1-9 as though fully set forth herein

11. That on or about the 24th day of April, 2006, Plaintiff was a passenger in a vehicle when Defendant Hill stopped the vehicle for allegedly failing to yield to a marked Tulsa Police vehicle. Upon making contact with the vehicle, Plaintiff was taken from the vehicle, placed in handcuffs and ordered to remain seated on the sidewalk while the Defendants conducted an investigation.

12. At some point during their investigation, the Defendants allegedly gained information that Plaintiff was in possession of illegal contraband (to wit: cocaine base), and that the Plaintiff was "hiding" said contraband in his rectum. Based on this information, Defendant Bohanon began searching the person of Plaintiff for the drugs without the

-3-

consent of Plaintiff, without first obtaining a warrant, without sufficient facts necessary to justify the search, and without any factual and/or legal justification to effectuate a pat-down search of the Plaintiff's person and/or a rectal exam.

13. During the search, Defendant Bohanon became increasingly abusive and forcibly slammed Plaintiff over the hood of the stopped vehicle and began to insert his hands into Plaintiff's undergarments. At this point, Plaintiff was in fear for his personal safety and sought to repel the unlawful intrusion into his pants. Plaintiff, while handcuffed, slapped at Defendant Bohanon's hands to prevent the unlawful intrusion into his rectum at which point Defendant Bohanon told him that he had just committed the felony offense of Assault and Battery upon a Police Officer and the misdemeanor offense of Resisting Arrest.

14. It was at this point that Plaintiff, who had became increasingly fearful of his personal safety and welfare, ran from the officers due to a fear of being wrongfully prosecuted and imprisoned for a crime he did not commit. Defendant Bohanon, Defendant Parson and Defendant Reeves gave chase to Plaintiff and upon catching up with Plaintiff, tackled Plaintiff and physically abused the Plaintiff by strikes from both the hands and feet of the Defendants until the Plaintiff was rendered unconscious.

15. The physical attack from the Defendants was effectuated without the requisite legal and/or factual justification, and was made while the Plaintiff was in handcuffs, laying on the ground and unable to defend himself from the vicious physical attack from the Defendants.

16. The Plaintiff, after being rendered unconscious, was transported to the Tulsa Regional Medical Center ("TRMC"). Plaintiff was examined at TRMC for drugs being stored in his rectum. During the examination, Plaintiff was physically restrained by Defendant

-4-

Bohanon and Defendant Hill while a Medical Doctor from TRMC inserted his fingers into his rectum.  Upon completion of the physical exam, and after an x-ray, it had become clear that the Plaintiff had not stored any illegal contraband in his rectum.  It was at this point that Plaintiff was arrested and jailed for Assault and Battery upon a Police Officer.

17. The search of the Plaintiff's rectum was effectuated without the requisite legal and/or factual justification.

18. The above-listed Defendants were acting based upon their authority granted to them by the City of Tulsa, State of Oklahoma, and as such, there is a legal cause of action against the Defendants for the violation of Plaintiff's civil rights.

19. The incident complained of occurred in the City of Tulsa, which is located in Tulsa County, State of Oklahoma.

## FIRST CAUSE OF ACTION
### *Deprivation of Federal Civil Rights*
### *42 U.S.C. § 1983*

20. Plaintiff hereby incorporates paragraphs 1-19 as though fully set forth herein.

21. The violations of Plaintiff's constitutional rights occurred as a direct and proximate cause of the intentional, arbitrary and malicious acts of the Defendants herein acting under the color of law.  The conduct, when viewed in its totality and compared with reasonably accepted standards of conduct, must be characterized as exhibiting deliberate indifference to the constitutional rights of Plaintiff and intending to cause harm and deprive him of the civil liberties granted to him under the Federal Constitution.  The actions on the part of the Defendants were willful, arbitrary and shocking to the conscience of civilized society. Plaintiff has suffered grievous temporary and permanent physical and emotional pain.

The acts and omissions under the color of law complained of herein include, but are not limited to, the following:

    i.    The use of excessive, and unnecessary force upon Plaintiff which was unreasonable under the circumstances and without factual and/or legal justification;

    ii.    Violating the policies, rules and regulations of the City of Tulsa Police Department, and the State of Oklahoma regarding the use of force by police officers;

    iii.    Violating the policies, rules and regulations of the City of Tulsa Police Department, and the State of Oklahoma regarding searches and seizures of individuals suspected of drug possession; and,

    iv.    Violating the Statutes of the State of Oklahoma concerning lawful arrests and searches made by police officers.

22. The acts and omissions described above by the Defendants herein violated clearly established statutory and/or constitutional rights of which a reasonable person would have known.

23. As a result of the conduct of the Defendants as described above, Plaintiff has suffered damages in the form of temporary and permanent physical and emotional pain and was deprived of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution, and of Plaintiff's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution in an amount in excess of Ten Thousand Dollars and No/100 ($10,000.00).

24. Further, the conduct of the Defendants was willful, wanton, malicious, shocking to the conscience and intended to induce lawlessness, terrorize, cause harm and injure the Plaintiff and therefore warrants the imposition of punitive or exemplary damages against Defendants in an amount in excess of Ten Thousand Dollars and no/100 ($100,000.00).

## PRAYER FOR RELIEF

Plaintiff prays for judgment against the Defendants, as follows:

A. For a judgment on his claim and for an award of compensatory damages in an amount in excess of Ten Thousand Dollars and no/100 ($10,000.00); and, punitive or exemplary damages in an amount in excess of Ten Thousand Dollars and no/100 ($100,000.00) to deter Defendants from committing such recklessness and conscience shocking acts in the future and to appraise the public at large that society does not condone such actions.

B. For any and all associated costs of this action, attorney fees and interest as provided by law and for all other further relief this Court deems just and proper.

Respectfully submitted,

Thomas Mortensen, OBA # 19183
Joseph Norwood, OBA # 19993
2 West 6th Street, Suite 500
Tulsa, Oklahoma 74114
(918) 392-9992 – Telephone
(918) 392-9993 – Facsimile
*Attorneys for Plaintiff Geron Armstead*